[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11335
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00511-SDM-JSS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN RAFAEL LOPEZ TOALA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 31, 2020)

Before WILLIAM PRYOR, MARTIN and LAGOA, Circuit Judges.

PER CURIAM:

Franklin Rafael Lopez-Toala appeals his sentence of 108 months of imprisonment for conspiring to possess and for possessing with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine while aboard a vessel subject to United States jurisdiction. 21 U.S.C. § 960(b)(1)(B)(ii); 46 U.S.C. §§ 70503(a), 70506(a), (b). Lopez-Toala challenges the denial of his request for a reduction for a minor role and the substantive reasonableness of his sentence. We affirm.

The district court did not clearly err by denying Lopez-Toala a minor role reduction. A defendant may obtain a two-level reduction of his offense level if the facts establish that he "is less culpable than most other participants, but [his] role could not be described as minimal," United States Sentencing Guidelines Manual § 3B1.2(b) & cmt. n.5 (2018), and his "part in committing the offense . . . makes him substantially less culpable than the average participant in the criminal activity," *id.* § 3B1.2 cmt. 3(A). The facts in Lopez-Toala's presentence investigation report, to which he did not object, support the findings of the district court that his role was not minor and that he was no less culpable than most of his crewmates. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). Lopez-Toala and his two crewmates received $5,000 in advance to transport 331 kilograms of cocaine from Ecuador to Mexico. Lopez-Toala shared

2

responsibility with Ramon Zambrano to relieve the pilot, Eddy Mera. Lopez-Toala also shared in whatever tasks were required to make the voyage successful and obtain additional compensation, and he assisted Mera in throwing the cargo overboard when the Coast Guard disabled the boat. That Mera expected more compensation than his crewmates after they completed delivery of the cocaine and that he possibly shouldered more responsibility as the pilot did not make Lopez-Toala's role minor. *See United States v. Valois*, 915 F.3d 717, 732 (11th Cir.), *cert. denied*, 140 S. Ct. 263 (2019). Lopez-Toala played a key role in ensuring that the conspiracy delivered the cocaine.

The district court also did not abuse its discretion when it sentenced Lopez-Toala to two concurrent terms at the low end of his advisory guidelines range of 108 to 135 months of imprisonment. The district court reasonably determined that sentences of 108 months were necessary to punish Lopez-Toala for his role in the "large-scale transoceanic importation of a large quantity of high-purity cocaine" and for endangering law enforcement who had to use deadly force to intercept the boat and to recover packages of drugs from the ocean, to prevent Lopez-Toala from committing similar future crimes, and to protect the public from the danger created by the importation of illegal drugs. *See* 18 U.S.C. § 3553(a)(1), (2). And the district court verified that Lopez-Toala's sentence was consistent with those imposed on other crewmen. *See id.* § 3553(a)(6). The district court also reasonably

decided that the "especially serious" nature of Lopez-Toala's offense outweighed his arguments for a lesser sentence based on his background in the military, recent unemployment, lack of a criminal history, and familial financial obligations. *See United States v. Amedeo*, 487 F.3d 823, 832–33 (11th Cir. 2007). Lopez-Toala's sentence, which is well below his maximum statutory penalty of imprisonment for life, is reasonable. *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

We **AFFIRM** Lopez-Toala's sentence.